# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SESHADRI RAJU, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1687 |
| | § | |
| LYCOMING DIVISION of AVCO | § | |
| CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case, removed from state court, is before the Court on the Motion to Remand [Doc. # 6] filed by Plaintiff Seshadri Raju.  Defendants Lycoming Division of Avco Corporation and Textron, Inc. have filed a response in opposition [Doc. # 7].  Having reviewed the full record in this case and the governing legal principles, the Court concludes that the jurisdictional amount appears to be satisfied, but Plaintiff is entitled to an opportunity to file a binding stipulation limiting recovery to an amount less than $75,000.

Plaintiff seeks to recover from Defendants for damage to a twin engine aircraft. Plaintiff alleges that the damages do not exceed $75,000, but Plaintiff also asserts a claim under the Texas Deceptive Trade Practices Act for which treble damages and attorney's fees are requested.

Federal jurisdiction is limited.  The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction.  *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*,

275 F.3d 414, 417 (5th Cir. 2001).  The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000 required by 28 U.S.C. § 1332.  Despite the rule in Texas prohibiting pleading a specific amount in unliquidated damages, Plaintiff expressly alleges that the damages in this case do not exceed $75,000.  However, because there is no state law limiting Plaintiff's damages to the amount in the pleading, Plaintiff's complaint is not dispositive. *DeAguilar v. Boeing*, 47 F.3d 1404, 1412-13 (5th Cir. 1995).  If the Defendant can show that the amount in controversy exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain he will not be able to recover more than the amount prayed for in the state court Petition. *Id.* at 1410.  Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits his recovery. *Manguno*, 276 F.3d at 724.

Defendant has shown that Plaintiff seeks treble damages and attorneys' fees, indicating that the amount in controversy in this case exceeds the $75,000 jurisdictional amount.

Because Defendant has shown that the amount in controversy exceeds $75,000, Plaintiff must show that he is legally precluded from recovering $75,000 or more.  The causes of action asserted by Plaintiff do not limit Plaintiff's recovery to less than the

jurisdictional amount of this court.  Additionally, Plaintiff has not filed a binding stipulation limiting the scope of his recovery to less than $75,000.

In conclusion, Defendant has shown that the amount in controversy exceeds the jurisdictional amount.  Plaintiff, however, should be given the opportunity to prove to a legal certainty that his recovery will fall below $75,000 by filing a binding stipulation limiting his recovery, including attorneys' fees.  The stipulation must state definitively that Plaintiff's recovery in this case is unconditionally limited to no more than $75,000 and must be signed by counsel and by Plaintiff personally.  Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **June 24, 2005**, a binding stipulation limiting his *total* recovery in this case, including attorney's fees, to an amount below $75,000.  If Plaintiff fails to file the stipulation by June 24, 2005, the Court will issue an order denying the Motion to Remand.  If Plaintiff files the stipulation by June 24, 2005, Defendant may file by **June 29, 2005**, any objections to the adequacy of the affidavit.

SIGNED at Houston, Texas, this **14th** day of **June, 2005.**

Nancy F. Atlas
United States District Judge